[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought by the plaintiff, Laura Smith, against Gary Gallo, a medical doctor specializing in orthopedics. Smith filed a three count revised complaint on January 17, 1990. In Count One she claimed medical malpractice arising from a lack of informed consent to the proximal row carpectomy procedure performed on her left wrist. Count Two alleges assault and battery against Gallo, based on lack of consent to the actual procedure performed. Count Three is brought against Greenwich Hospital.
The alleged facts are as follows. Plaintiff Smith consulted with Gallo to engage his services. Gallo diagnosed Kienboch's disease in Smith's left wrist and suggested a consultation with Kirk Watson, another orthopedic physician, to confirm the diagnosis and recommend treatment. Smith consulted Watson, who confirmed the diagnosis. Watson recommended a surgical procedure which Smith refers to as the "Watson procedure," also known as triscape arthrodesis. The procedure did not require removal of any bones in the hand. Smith alleges that Gallo explained the nature and risks of the "Watson procedure." Smith further alleges that she was informed by Gallo that she was scheduled to receive the "Watson procedure" as she understood the procedure described to her by Gallo and Watson, and that she consented to the "Watson procedure." CT Page 4605
Smith alleges that Gallo never advised her that he would perform a proximal row carpectomy on her wrist and never advised her of the risks of that procedure. She further alleges that Gallo failed to explain to her that a proximal row carpectomy involved the removal of bones from her wrist, and that if she had been informed of the nature of that procedure she would not have consented to it.
Prior to surgery, Smith was interviewed by a hospital resident physician. After having been given an opportunity to ask questions, she signed a hospital consent form which listed the procedure to be performed as a "proximal row carpectomy." Smith alleges that she believed this to be the "Watson procedure." Gallo performed the proximal row carpectomy, which involved removing three bones from Smith's wrist and this suit ensued.
Gallo filed his answer to the revised complaint on February 1, 1990 and denied the material allegations of the complaint. Specifically, Gallo denied that he discussed the triscape arthrodesis ("Watson procedure") with Smith, and denied that he told Smith she was scheduled to have that procedure. He denied that Smith did not know of the proximal row carpectomy and denied that Smith had reason to expect to receive the "Watson procedure." He also denied that he had explained the nature and risks of the "Watson procedure," and denied that he performed the proximal row carpectomy without Smith's consent.
The pleadings are closed as between Smith and Gallo. Gallo now moves for summary judgment as to Count Two, the assault and battery claim, on the ground that Smith consented to the treatment and therefore she cannot recover for assault and battery.
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384. A "material fact" is one which will make a difference in the result of the case. Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Evans Products Co. v. Clinton Building Supply, Inc.,174 Conn. 512, 516, 391 A.2d 157 (1978). To satisfy the movant's burden, the movant "must make a showing that it is quite clear what the truth is." Fogarty v. Rashaw, 193 Conn. 442,444, 476 A.2d 582 (1985). "[I]t remains . . . incumbent upon CT Page 4606 the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v. Colwell, 214 Conn. 242, 251, 571 A.2d 116 (1990).
Regarding assault by a physician on a patient our Supreme Court
 approved the principle that "[e]very human being of adult years and sound mind has a right to determine what shall be done with his body; and a surgeon who performs an operation without his patient's consent, commits an assault, for which he is liable in damages . . . (citations omitted). The theory of battery as a basis for recovery against a physician has generally been limited to situations where he fails to obtain any consent to the particular treatment or performs a different procedure from the one for which consent has been given or where he realizes that the patient does not understand what the operation entails. (Citations omitted).
Logan v. Greenwich Hospital, 191 Conn. 282, 288-89,465 A.2d 294 (1983).
An action for battery is based upon "an absence of consent," whereas a negligence action alleges lack of "informed consent." Lambert v. Stovell, 205 Conn. 1, 5, 529 A.2d 710 (1987). To the same effect is Shenefield v. Greenwich Hospital, 10 Conn. App. 239, 248,522 A.2d 829 (1987).
The defendant Gallo argues that (i) the patient asked the doctor to perform surgery on her wrist; (ii) the patient signed an authorization form consenting to a procedure known as a "proximal row carpectomy" and testified at a deposition that at the time of signing, she understood the procedures to be performed; (iii) a proximal row carpectomy was performed; (iv) the patient stated in her deposition that she wanted the doctor to do what was best for her diseased wrist and (v) since the patient consented to the surgery that was performed, an essential element of battery is lacking and therefore Smith cannot prevail on her assault and battery claim.
The defendant argues that since Smith signed the consent form which described the procedure as a proximal row carpectomy, and since she admitted that she told the resident physician that she understood what was going to happen, and since she received the named procedure, she effectively consented, thus eliminating assault and battery from her claims. CT Page 4607
Plaintiff argues that Gallo performed a procedure other than the one to which she consented. Plaintiff further argues that had she known what a proximal row carpectomy encompassed she would have refused the procedure.
There is no question that the plaintiff consented to undergo wrist surgery. However,
 To be effective, the assent must be given to the precise invasion or substantially the same invasion as that suffered. Whether the assent given was actually broad enough to cover the invasion inflicted is, of course, a question of fact to be determined in doubtful cases by the jury.
F. Harper, F. James O. Gray, The Law of Torts, 3.10 at 301 (1986).
Therefore, there is a genuine issue of material fact as to whether the plaintiff consented to the "Watson procedure" or to the "proximal row carpectomy procedure." Summary judgment is not appropriate where subjective feelings and reactions regarding the scope of the consent are involved. Accordingly, the defendant's motion for summary judgment should be and hereby is denied.
W. B. LEWIS, J. CT Page 4608
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4609
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4610