# Frederick C. Lambert *v.* Peter B. Stovell
## (12862)

Healey, Shea, Santaniello, Callahan and D. Dorsey, Js.

Argued March 6—decision released August 18, 1987

*Patricia Kilkenny,* with whom, on the brief, were *David W. Skolnick* and *Terence S. Hawkins,* for the appellant (plaintiff).

*Arnold S. Bai,* with whom was *Garie S. Mulcahey,* for the appellee (defendant).

SANTANIELLO, J. This is an appeal from a judgment rendered for the defendant in a malpractice action. The jury could reasonably have found the following facts. The plaintiff, Frederick C. Lambert, consulted with the defendant, Peter B. Stovell, a physician, in April, 1977, for the treatment of an injured ankle. After several consultations and the examination of preoperative x-rays, the defendant recommended that the plaintiff undergo an ankle fusion procedure. The plaintiff consented, and surgery was performed by the defendant on June 1, 1977. The plaintiff was discharged from the hospital on June 10, 1977, and was readmitted on June 28, 1977, after the defendant discovered that the plaintiff had developed an ankle infection. The plaintiff was informed about the infection by the defendant when he was rehospitalized. During July and August of 1977, the defendant discovered, and told the plaintiff, that there was a non-union at the fusion site. As a result of this disclosure, the plaintiff sought a second opinion on August 23, 1977, from Dr. Howard Rosen of New York City, who confirmed the fact that there was an infection in the ankle and a non-union of the joint, both of which would require further treatment. The defendant last treated the plaintiff on November 16, 1977.

On November 29, 1977, the plaintiff became a patient of Rosen, who subsequently performed two surgical procedures on the plaintiff's ankle. The first procedure was performed on December 1, 1977, in order to remove the infected bone. A second surgical procedure was performed on June 6, 1978, in order to expedite fusion of the ankle.

The plaintiff instituted this action against the defendant on March 5, 1980, based upon the doctrine of informed consent, alleging that the defendant had not sufficiently informed him of the material risks and consequences of the original surgical procedure or of the fact that his preoperative x-rays had revealed an essentially normal ankle. The defendant denied the material allegations of the plaintiff's complaint and interposed a special defense claiming that the two year statute of limitations for such an action had run. See General Statutes § 52-584. At the conclusion of the evidence, the court charged the jury on the doctrine of informed consent and, over the plaintiff's objection, on the two year statute of limitations as set forth in § 52-584. Thereafter, the jury returned a general verdict in favor of the defendant.

The plaintiff has appealed, claiming that the trial court erred in: (1) failing to charge the jury on the three year statute of limitations contained in General Statutes § 52-577; (2) charging the jury on the two year period of limitation contained in § 52-584; (3) failing to instruct the jury that the two year statute of limitations had been tolled until such time as the plaintiff discovered or should have discovered *all* of the information allegedly material to his decision to submit to surgery; and (4) failing to instruct the jury that the plaintiff's cause of action did not accrue until he discovered or should have discovered certain material medical information allegedly concealed from him. We find no error.

The plaintiff argues that a complaint based upon lack of informed consent does not allege malpractice action, governed by § 52-584,[1] but an intentional tort based

---

[1] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but

upon assault and battery, governed by § 52-577.[2] The defendant, however, contends that lack of informed consent is malpractice by a physician under § 52-584 and that, even if that statute were inapplicable, any error in charging the jury was cured by the rendering of a general verdict by the jury.

The trial court refused the plaintiff's request to charge the jury on § 52-577 and charged the jury only on the two year provision of § 52-584. The three year provision of § 52-577 is applicable to all tort actions other than those excepted therefrom by § 52-584 or other sections. *United Aircraft Corporation* v. *International Assn. of Machinists,* 161 Conn. 79, 107, 285 A.2d 330 (1971), cert. denied, 404 U.S. 1016, 92 S. Ct. 675, 30 L. Ed. 2d 663 (1972). "The theory of battery as a basis for recovery against a physician has generally been limited to situations where he fails to obtain *any* consent to the particular treatment or performs a different procedure from the one for which consent has been given, or where he realizes that the patient does not understand what the operation entails: *Cobbs* v. *Grant,* 8 Cal. 3d 229, 240, 502 P.2d 1 (1972); 4 Restatement (Second), Torts § 892B, comment i; note, 'Informed Dissent: A New Corollary to the Informed Consent Doctrine?' 57 Chi.-Kent L. Rev. 1119, 1122 n.18 (1981)." (Emphasis added.) *Logan* v. *Greenwich Hospital Assn.,* 191 Conn. 282, 289, 465 A.2d 294 (1983).

within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[2] "[General Statutes] Sec. 52-577. ACTION FOUNDED UPON A TORT. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

The theory of battery is not applicable to the present case because the plaintiff consented to the very same surgical procedure that was performed and because he has not alleged, or shown, that the defendant realized that he, the plaintiff, did not understand what the operation entailed. The plaintiff has conceded that he was informed of the material risks and ultimate consequences of the surgery. Therefore, his action is based upon a lack of informed consent and not an absence of consent. Consequently, the complaint does not allege an intentional tort for which the period of limitation is governed by § 52-577.

Where a lack of informed consent is alleged, the jury must determine whether the defendant has met his obligation to inform the plaintiff adequately, in accordance with the "lay" standard as set forth in *Logan* v. *Greenwich Hospital Assn.*, supra, 289, 292–93.[3] This standard imposes upon the physician a duty, the breach of which constitutes malpractice. Consequently, where a patient seeks recovery against a physician based upon a lack of informed consent, he is bringing a "malpractice" action as contemplated by § 52-584. The fact that the physician's duty of disclosure is measured by a lay, as opposed to a professional, standard does not affect the substantive nature of the cause of action. Because the plaintiff's suit is governed by the period of limita-

---

[3] Traditionally, a physician's duty to disclose information was measured by a "professional" standard which was set by the medical profession in terms of customary medical practice in the community. *Logan* v. *Greenwich Hospital Assn.*, 191 Conn. 282, 289, 465 A.2d 294 (1983). In *Logan* v. *Greenwich Hospital Assn.*, supra, 292–93, we adopted a "lay" standard and stated that under the doctrine of informed consent, a physician is obligated "to provide the patient with that information which a reasonable patient would have found material for making a decision whether to embark upon a contemplated course of therapy." See also *Canterbury* v. *Spence*, 464 F.2d 772, 787–88 (D.C. Cir.), cert. denied, 409 U.S. 1064, 93 S. Ct. 560, 34 L. Ed. 2d 518 (1972); A. Meisel & L. Kabnick, "Informed Consent to Medical Treatment: An Analysis of Recent Legislation," 41 U. Pitt. L. Rev. 407, 427 (1980).

tion contained in § 52-584, the trial court correctly charged the jury on only that statute.

Section 52-584 " 'requires that the injured party bring suit within two years of discovering the injury. . . . In this context injury occurs when a party suffers some form of *"actionable harm."* ' (Emphasis added.)" *Catz* v. *Rubenstein,* 201 Conn. 39, 43, 513 A.2d 98 (1986), citing *Burns* v. *Hartford Hospital,* 192 Conn. 451, 460, 472 A.2d 1257 (1984). "Actionable harm" occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action. *Catz* v. *Rubenstein,* supra. "The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." Id., 47.

The essential elements of a cause of action based upon a lack of informed consent are a breach of duty by the defendant and a causal connection between that breach and the harm to the plaintiff. See *Logan* v. *Greenwich Hospital Assn.,* supra, 287–88 n.1. The plaintiff alleges that the defendant failed to inform him of the material risks and consequences of surgery and testified that had he been aware of any such risks, including infection and non-union, he would have refused to consent to surgery. He also testified, however, that he had acquired actual knowledge of infection and non-union in August, 1977.

The plaintiff contends that this knowledge was not sufficient to commence the statutory limitation period, and that the statute should have remained tolled until he discovered *all* the information the defendant was allegedly obligated to disclose to him. As we stated in *Burns* v. *Hartford Hospital,* supra, the statute begins to run when the plaintiff discovers *some form* of actionable harm, not the fullest manifestation thereof. In August, 1977, the plaintiff had actual knowledge of

infection and non-union, two allegedly nondisclosed, material risks that he testified would have caused him to refuse surgery. He therefore was aware of circumstances indicating that he had suffered a form of "actionable harm" and should have discovered his injury at that time. Accordingly, the defendant was entitled to prevail on his special defense of the statute of limitations.[4]

There is no error.

In this opinion the other justices concurred.

---

[4] Even if the court had erred in its charge on the statute of limitations, any error in charging the jury would be rendered harmless by virtue of the general verdict in favor of the defendant. Where "a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 202, 520 A.2d 208 (1987); *Stone* v. *Bastarache*, 188 Conn. 201, 204, 449 A.2d 142 (1982); *Colucci* v. *Pinette*, 185 Conn. 483, 489, 441 A.2d 574 (1981). As we stated in *Finley* v. *Aetna Life & Casualty Co.*, supra, 202–203, this rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action or defenses. "The application of the general verdict rule, however, does not depend on the niceties of pleading but on the distinctness and severability of the claims and defenses raised at trial." Id., 203.

The defendant has relied upon two distinct defenses: a general denial and the statute of limitations. These, coupled with the absence of a request for interrogatories by either party, makes the general verdict rule applicable in this instance. (Although the plaintiff claims that the trial court refused his request to submit interrogatories to the jury, the record before us fails to reveal that such a request or motion was made, or that the court refused to submit proposed interrogatories.) When there are two such separate defenses as in this case, and there is no error in the instruction as to one of the two distinct defenses, a general verdict for the defendant is to be sustained. *LaFleur* v. *Farmington River Power Co.*, 187 Conn. 339, 342–43, 445 A.2d 924 (1982), citing *Meglio* v. *Comeau*, 137 Conn. 551, 553, 79 A.2d 187 (1951). The court thus presumes that the jury's general verdict included a finding that the defendant sufficiently informed the plaintiff of the material risks and consequences of surgery. See *Finley* v. *Aetna Life & Casualty Co.*, supra, 204.