[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT (#127)
On August 23, 1990 the jury returned a general verdict finding "the issues for the Defendant." Plaintiff predicated this motion on two reasons:
 a. "a) It is contrary to law in that the Court was in error in excluding from evidence Plaintiff's Exhibits A and E for identification."
Both Exhibits A and E (marked for identification) contained figures of money values. Defendants objected to their admissibility because these values were not disclosed during the discovery process. Further objection claimed that the best evidence of values or cost of specific tools alleged to be lost in the bailment involved would be the sworn testimony of the owner who could be cross-examined on specific items. The testimony of plaintiff's witness was not specific as to the exact tools alleged to be missing.
Bearing in mind that plaintiff had the burden of proof on the allegations of the complaint and the fact that the jury returned a general verdict for the defendant, one conclusion is that the jury never reached any issue on cost value of any claimed missing tool CT Page 2634 or tools.
Plaintiff's complaint alleged that "Defendant agreed to securely garage the vehicle." That issue was for the jury. The jury could also have found that the defendant met its burden of exercising due care. The court cannot speculate on the predicate for this general verdict in favor of the defendant.
The presumption is that the jury found every issue raised by the parties in favor of the prevailing party. Lambert v. Stovell,205 Conn. 1, 7n (1987).
This subparagraph was abandoned.
JOHN N. REYNOLDS, STATE TRIAL REFEREE