[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, Stephen Dellaquila, has brought this action against the Town of Enfield and certain individual town employees and officials for damages allegedly suffered as a result of the adoption of a new Master Plan of Development, a Zoning Change Application, an Application for Amendment to Enfield Zoning Ordinance, and the imposition of a moratorium on applications for Planned Residential Developments, which was adopted in anticipation of the new Master Plan of Development.
Specifically the plaintiff alleges among other things, that the moratorium was null and void; that the Town employees and officials misrepresented the validity of the moratorium; and that the Town employees and officials failed to "grandfather" applications which allegedly would have been filed prior to the new Master Plan, but for the existence of the moratorium.
The moratorium in question was adopted on April 30, 1987 and ran from June 5, 1987 to December 5, 1987. The new Master Plan and Zoning Changes were approved on November 19, 1987, to be effective December 5, 1987.
Counts one through four are asserted against various Town employees and officials. Counts five and six, which are the subject of this motion, are asserted against the Town.
Count five is brought pursuant to Conn. Gen. Stat. secs. 7-101a and 7-465. A notice of intent to commence suit was CT Page 1138 delivered to the Town on May 11, 1988. The notice stated that the plaintiff intended to bring suit against the town "in regard to the Commission's approval on November 19, 1987 of certain Zoning Change applications filed by the town, and other acts with respect to an Application Moratorium, zoning `upgrading' and related acts or omissions." The present suit was commenced on April 26, 1990.
The defendant seeks to dismiss count five against the Town, claiming that the plaintiff has failed to bring his claim under sections 7-465 and 7-101a within the time and in accordance with the procedures expressly mandated by the statute upon which his claim relies.
Section 7-101a(d) provides:
 "No action shall be maintained under this section against such municipality or employee unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."
Section 7-465 provides:
 "No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."
The defendant claims that the action accrued on November 19, 1987, because the plaintiff stated in his notice of intent to appeal that he was appealing the Commission's approval of November 19, 1987 of certain Zoning Change applications. CT Page 1139
Subsequent to May 11, 1988 when the notice of intent to appeal was served on the town, the plaintiff did in fact pursue his available administrative remedies. However, he unsuccessfully challenged the adoption of the Master Plan and the approval of the amendments to the zoning ordinances by the Enfield Planning and Zoning Commission and appealed this decision to the Superior Court. On March 14, 1990 the plaintiff's administrative appeal was denied, and he promptly filed the present suit for money damages.
The plaintiff has alleged that he first learned of the defendants' non-compliance with the mandatory statutory procedures required to effect a moratorium, master plan and change of zone on February 21, 1990, which discovery was made during the deposition of Suzanne F. Olechnicki, the current town clerk.
The court believes that the motion dismiss should be denied because the cause of action didn't accrue until the plaintiff discovered or should have discovered through the exercise of reasonable care that he had been injured. Lambert v. Stovell, 205 Conn. 1. Furthermore, the court believes that the statute of limitations was tolled during the pendency of the administrative proceedings. Crown Coat Front Co. v. United States, 386 U.S. 503, 510-512, 87 S.Ct. 1177 (1967).
The court does not address the defendants' motion to dismiss count 6 inasmuch as the plaintiff agreed to withdraw said count as it was written on September 7, 1990 ( the date of the present motion to dismiss).
Accordingly, the motion to dismiss the fifth count of the complaint is denied.
FRANCES ALLEN, SENIOR JUDGE