[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a three-car collision on I-95 in Norwalk, in which the plaintiff, Lynne M. Farrish-LeDuc, sues for personal injuries. The defendant is John Charles Dunagan, who is alleged to have struck a vehicle operated by a John A. Costa, Jr., which caused the Costa vehicle to strike the plaintiff's automobile for a second time. The first impact allegedly occurred when the Costa vehicle crashed into the rear of plaintiff's vehicle which was stopped waiting for the traffic in front of her to move forward. The complaint alleges that a second impact took place when Dunagan, the defendant in this case, hit the Costa vehicle, which then struck the plaintiff a second time. The plaintiff's husband, James LeDuc, also brought a claim for loss of consortium. CT Page 7256
The accident took place on August 7, 1986. This suit began on July 19, 1989. The defendant filed a special defense claiming that the plaintiff was barred from bringing suit because of General Statutes 52-584. This statute provides that: "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." It is clear that this action was not brought within two years of the accident on August 7, 1986, but was brought before the expiration of three years from the date of the accident.
The defendant filed a motion for summary judgment on the grounds that General Statutes 52-584 barred this action, but the motion was denied, Karazin, J., in March of 1991. The current motion for summary judgment (#128) also seeks judgment on statute of limitations grounds, but the defendant added to the original moving papers a certified copy of an action brought by plaintiff in Milford on July 6, 1988 against Costa. This action in Milford (docket no. CV 88 025922) was brought within two years of the accident of August 7, 1986. The same attorney who signed the writ, summons and complaint in this action, brought the complaint against Costa in Milford, although no mention of the Milford suit has been discovered in plaintiff's memorandum opposing summary judgment.
Plaintiff contends that the current motion for summary judgment is simply a "re-hash" [sic] of the prior motion for summary judgment which was denied. This would be true, and would warrant another denial of the motion, were it not for this new information about the suit against Costa in Milford. In opposing summary judgment in this cases plaintiff claims that she never discovered the injuries she sustained as a result of the 1986 accident, or at least never realized the extent of her injuries, until more than two years from the date of the accident had expired. One can infer by the existence of the suit against Costa that plaintiff knew she was injured as a result of the collision between her vehicle and those driven by Costa and Dunagan on August 7, 1986, since she brought suit against Costa within the two year statute of limitations.
Plaintiff's claim that she did not discover her injuries with the two year period appears inaccurate when one compares the allegations of injuries claimed in the Costa suit in Milford with CT Page 7257 the allegations of injuries in this case. In the Costa suit the plaintiff claimed in paragraphs 7, 8 and 9 of her first count that she was injured in the following respects:
 ". . . received and suffered multiple contusions, sprains, bruises, tears, and lacerations of her body, in particular to her upper and lower extremity, abdominal, facial, cervical and lumbosacral areas. These injuries involve the muscles, nerves, ligaments, soft tissues, veins, blood vessels, glands, cartilages, bones, discs and joints of the injured parts.
 ". . . received and suffered a compression stress fracture of her lower right tibia and partial numbness of her right leg.
 ". . . has suffered, and will continue to suffer, great pain, mental anguish, ankle and leg edema and significant weight gain, and some of the injuries, or the effects thereof, are, or are likely to be, permanent."
In paragraphs 7 through 13 of the first count of her complaint in this case plaintiff claims that her injuries consist of the following:
 ". . . received and suffered multiple contusions, sprains, bruises, tear and lacerations of her body, in particular to her right and left hand, right and left wrist, right and left knee, right and left ankle, upper and lower extremity, abdominal, facial, cervical, thoracic, lumbar and lumbosacral areas. These injuries involve the muscles, nerves, ligaments, soft tissues, veins, blood vessels, glands, cartilages, bones, discs and joints of the injured parts.
 ". . . received and suffered a compression stress fracture of her lower right tibia which may eventually cause the Plaintiff to undergo surgery to remedy the effects of said fracture, and developed abnormal cartilage in her right ankle which eventually caused the Plaintiff to undergo surgery for its removal.
 ". . . received and suffered injury to the discs in her cervical, thoracic, lumbar and lumbosacral spine, and may in the future be required to undergo surgery to alleviate CT Page 7258 the pain and correct the loss of function caused by said injury to the discs in her cervical spine.
 ". . . received and suffered a fracture of her left wrist.
 ". . . suffered episodes of gastrointestinal bleeding related to the ingestion of medications which were prescribed to her as part of the treatment for the various injuries she sustained.
 ". . . suffered and continues to suffer, from significant mental trauma secondary to her physical injuries and disabilities.
 ". . . suffered, and continues to suffer, from pain in her neck with radiation into her right arm, pain in her lower back with radiation into her right leg, pain and weakness in her right ankle, both knees, both hands and both wrists, intermittent swelling of her lower extremities, significant weight gain and pain and loss of motion in both of her thumbs which may require future surgical intervention to alleviate or correct said condition.
 ". . . suffered, and will continue to suffer, great pain and mental anguish, a shock to her nervous system and some of the injuries, or the effects thereof, are permanent."
One can readily see that a good deal of the injuries in the first suit are repeated in this suit against Dunagan. Plaintiff now refers to a disc injury in a more specific way, although, as noted above, she did refer to injuries to her discs in the first suit. She adds in this suit that she sustained gastrointestinal injuries; that in connection with the fracture of her tibia, cartilage was removed; that a fractured wrist was sustained, and there are some other changes and additions in the wording.
If there had not been this first suit against Costa in Milford, it appears that a factual question preventing the granting of a summary judgment would arise concerning whether the plaintiff knew of her injuries before two years after the accident had expired, or whether she reasonably should have discovered such injuries. However, we now know conclusively that the plaintiff CT Page 7259 discovered that she was injured and in fact brought a suit within two years of the accident. The present action, brought more than two years after the accident took place, is clearly more specific regarding the extent of her injuries. But the fact remains that this suit could have been brought within two years of the accident, just as the Costa suit was brought within two years, and then if and when additional injuries were determined, the complaint in this case could have been amended accordingly. Furthermore, ". . . [t]he statute [of limitations] begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof." Lambert v. Stovell, 205 Conn. 1, 6,529 A.2d 710 (1987).
The facts in this case present an even stronger argument for the granting of summary judgment than those presented to Judge Langenbach in Parker v. Northeast Transportation Co. (docket no. 097457, Judicial District of Waterbury, January 21, 1992). In that case an attorney representing the plaintiff wrote to the defendant about eight months after an accident and said that the plaintiff, Parker, intended to bring suit against the defendant. Judge Langenbach in granting summary judgment due to the expiration of two years after the accident wrote that: "[o]ne should infer from this letter of representation the plaintiff knew and was advised of her cause of action emanating from the facts in question. Plaintiff does not dispute that her representation as early as April 28, 1988, was within the two year period of limitations." In this case the plaintiff actually commenced suit within two years of the accident and claimed, for the most part, injuries similar to those asserted in this case.
The defendant's motion for summary judgment as to both plaintiffs is granted because this suit was not brought within the two year period of limitation set forth in General Statutes52-584, since the injuries in question were discovered by plaintiff within two years after the accident, as reflected by the suit in Milford, which was commenced prior to the expiration of two years after the accident.
So Ordered.
Dated at Stamford, Connecticut this 13th day of August 1993.
William B. Lewis, Judge CT Page 7260