[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FACTS:
 Facts:
CT Page 694-H
. . . [T]he plaintiff alleges that . . . . [t]he defendant held himself out to be a qualified dentist, duly licensed to practice dentistry in the Town of Stamford in violation of General Statutes § 20-106. [Footnote omitted.] The defendant, however, was not a qualified dentist duly licensed to practice dentistry. . . .
During June of 1994, the defendant unlawfully entered into a contract with the plaintiff to remove six of the plaintiff's teeth and replace them with dentures for the sum of $2600. The defendant did remove the six teeth for the sum of $2600 in the same month. The defendant, however, acted carelessly and negligently in removing the plaintiff's teeth. . . .
Discussion: Count Two
The defendant moves to strike count two, intentional tort, of the plaintiffs revised complaint because the plaintiff has failed to allege that the defendant intended to cause injury. The defendant also claims that an intention merely to do the act causing the injury does not satisfy the requirement of intent for purposes of establishing an intentional tort. The court CT Page 694-I disagrees.
The theory of battery as a basis for recovery against a physician has generally been limited to situations where he failsto obtain any consent to the particular treatment. Lambert v.Stovell, 205 Conn. 1, 4, 529 A.2d 710 (1987). The consent of the person will ordinarily avoid liability for intentional interference with person or property. It is not strictly speaking, a privilege, or even a defense, but goes to negative the existence of any tort in the first instance. W. Prosser, TheLaw of Torts, 4th Ed., p. 101 (1971). . . .
If the plaintiff manifests consent to the defendant's act under a mistake as to its nature or character, the consent will still be effective, ". . . unless the defendant is aware of themistake and takes advantage of it, as where he has misrepresentedthe matter to the plaintiff." (Emphasis added.) W. Prosser, Torts (4th Ed. 1971), supra, p. 105, citing Second Restatement ofTorts, § 55. "Deception — practiced or perpetrated upon the victim — may give rise to a civil action for assault and battery." Stuart M. Speiser, Charles F. Krause, and Alfred W. Gans, The American Law of Torts, vol. 7, p. 892. . . .
In the present case, the plaintiff alleges in his revised complaint that the defendant falsely held himself out to the CT Page 694-J plaintiff as being a licensed practitioner of dentistry. The plaintiff further alleges that he would not have consented to the defendant performing dental work on him had he known that the defendant was not a licensed dentist. The plaintiff's claim of battery is analogous to a claim made by the woman in Blossom v.Barrett, supra, whose consent to intercourse was negated because she was a victim of a mock marriage. The plaintiff s consent, therefore, should also be negated because the defendant allegedly misrepresented himself as a licensed dentist to the plaintiff in order to obtain the plaintiff's consent to perform dental work on him. Further, the plaintiff alleges that he allowed the defendant to administer controlled substances to him only because the defendant misrepresented himself as a licensed dentist. If the plaintiff was deceived into taking the drugs, his consent was again negated. Because the plaintiff has alleged that the defendant fraudulently misrepresented himself as a licensed dentist and that the plaintiff allowed the defendant, based on that misrepresentation, to provide dental treatment and administer drugs to him, the plaintiff has indeed alleged sufficient facts to support an action for battery.
The defendant's argument that there can be no intentional tort where the plaintiff has failed to allege that the defendant intended to cause the injuries sustained by the plaintiff is unavailing. The "true rule is that intent is gist of action only CT Page 694-K where battery is committed in performance of act not otherwise unlawful; if cause of action is battery committed in performance of unlawful or wrongful act, intent of wrongdoer to injury is immaterial; he is answerable for what directly and actually results from his conduct, even though he did not intend the particular injury which follows." S. Speiser, The American Law ofTorts, supra, p. 891, n. 87, citing Lopez v. Suchia, 112 Cal.App.2d 314,246 P.2d 111 (1952). . . .
In the present case, the plaintiff has alleged that the defendant practiced dentistry without a license in violation of General Statutes § 20-106; administered and distributed drugs in violation of General Statutes § 21a-252 (c). [Footnote omitted.] The plaintiff has also alleged that the defendant fraudulently misrepresented himself as a licensed dentist to the plaintiff in order to obtain the consent of the plaintiff to perform dental work on him. The issue of whether the defendant intended to inflict injury to the plaintiff, therefore, is immaterial since the battery was allegedly committed in performance of several unlawful acts. Accordingly, the defendant's motion to strike the second count of the plaintiff's complaint is hereby DENIED. . . .
MELVILLE, J. CT Page 694-L