[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#123)
 FACTS
The plaintiffs, Elias and Sofia Smirnioudis, filed a two count second amended complaint against the defendants, Richard and Claire Bragdon on January 28, 1997. The plaintiffs allege that the defendants' negligence caused a motor vehicle accident in which Elias Smirnioudis suffered injuries to his back. The second count of the complaint's on behalf of Sofia Smirnioudis and seeks recovery for loss of consortium.
On March 31, 1997, the defendants filed an answer and special defenses to the plaintiffs' second amended complaint. The second special defense alleges that the plaintiffs are barred from bringing the action by the statute of limitations. The defendants also filed a motion for summary judgment against the plaintiffs on the ground that their action is barred by the applicable statute of limitations.
 DISCUSSION
The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 8115 moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and cannot refute evidence properly presented to the court in support of a motion for summary judgment. Maffucci v. Royal Park LimitedPartnership, 243 Conn. 552, 554, ___ A.2d ___ (1998) and cases cited therein.
The defendants here claim that the plaintiffs' claims are barred by the statute of limitations.
General Statutes § 52-584 provides in relevant part:
 "no action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."
The defendants argue that, at the very latest, the plaintiffs should have realized they had suffered ascertainable harm from the accident when, on July 13, 1994, the plaintiff Elias Smirnioudis sought treatment for cervical injuries, neck pain, bilateral trapezius pain, nausea, light headedness and diplopia that were caused by the accident. At this time, the defendants argue, the plaintiffs discovered that they had a potential cause of action stemming from the auto accident and thus the statute of limitations began to run.
The plaintiffs contend that they did not discover that the auto accident had caused a back injury to Elias Smirnioudis until a medical exam, on September 20, 1994, revealed that Elias Smirnioudis had a herniated disk. Thus, the plaintiffs contend that it is a question of fact as to when the plaintiffs actually discovered an actionable harm caused by the defendants. According to the plaintiffs, they had no way of knowing that the back injury was caused by the accident prior to September 20, 1994. CT Page 8116 Thus, the plaintiffs argue that there is a genuine issue of fact precluding summary judgement.
This court concludes that the defendants' motion for summary judgment should be granted. The two year statute of limitations in § 52-584 begins to run when the plaintiff discovers or should discover, through the exercise of reasonable care, that he has been injured and the defendant's conduct caused such an injury. Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509,521, 562 A.2d 1100 (1989). The "necessary ingredients" for "actionable harm" are a "breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff." Catz v. Rubenstein,201 Conn. 39, 44, 513 A.2d 98 (1985). The focus is the plaintiff's knowledge of facts, rather than on the discovery of applicable legal theories. Id., 47.
The accident in question occurred on June 24, 1994. The statute began to run, at the latest, on July 13, 1994, when the plaintiff sought treatment for various maladies attributed to the auto accident. An actionable harm was discovered by the plaintiff at this time and the statute of limitations began to run even though the plaintiff discovered, several months later, that his back injury was also caused by the auto accident. As held by the Supreme Court in Burns v. Hartford Hospital, 192 Conn. 451, 460,472 A.2d 1257 (1984), the statute of limitations begins to run when the plaintiff discovers some form of actionable harm, not when the plaintiff realizes the fullest extent of that harm. See also Lambert v. Stovell, 205 Conn. 1, 6, 529 A.2d 710 (1987).
The plaintiffs' reliance on Farrish-LeDuc v. Dunagan, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 102540 (August 13, 1993, Lewis, J.), aff'd,36 Conn. App. 915, 649 A.2d 261 (1994) is misplaced. In fact it clearly supports the defendant's position in this case. In that case, the plaintiff was involved in a multi-car accident and proceeded to sue one of the drivers for injuries suffered in the accident. More than two years from the date of the accident, the plaintiff allegedly discovered new injuries and sought to bring a separate cause of actions against another driver involved in the case. This latter complaint listed the previous injuries and added several newly discovered ones. In that case, the court stated that there would have been a question of fact as to when the plaintiff discovered her injuries were it not for the fact that the plaintiff filed the original case. The court reasoned CT Page 8117 that since the plaintiff was aware of some injuries attributable to the new defendant at the time the plaintiff filed against the first driver, the plaintiff could just as easily have filed against the second driver. Since the first action showed conclusively that the plaintiff was aware that she was injured as a result of the accident, a summary judgment against the plaintiff was appropriate in the second case on the ground that the action was time barred.
In the present case, the defendants have offered proof stating that the plaintiffs were aware of at least some of their injuries by July 13, 1994. (Defendants' Motion for Summary Judgment, Exhibit A, Plaintiff's Response to Request for Admissions, September 18, 1997, Exhibit B, Emergency Room Visit Record, July 13, 1994.) Applying the logic of Farrish-LeDuc v.Dunagan, supra, Superior Court, Docket No. 102540, the plaintiffs could have easily filed an action against the defendants at this time and amended their complaint appropriately with regard to any later discovered injuries. While a question of fact might sometimes exist in instances where there are material issues as to when the plaintiff discovered an actionable harm, the present case is not such an instance. The statute of limitations begins to run when "some sort of actionable harm" is discovered. Barnesv. Schlein, 192 Conn. 732, 738, 473 A.2d 1221 (1984).
Similarly, the plaintiffs' reliance on Catz v. Rubenstein, supra, 201 Conn. 39, is misplaced as that case is factually distinguishable. See Dawkins v. First National Supermarket, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 264032 (January 6, 1992, McGrath, J.) (granting the defendant's motion for summary judgment where the plaintiff, unlike the plaintiff in Catz, knew on the date of injury of the causal connection between her injuries stemming from a slip and fall, and the defendant's breach of duty). See also Catz v.Rubenstein, supra, 201 Conn. 45 (distinguishing Burns v. HartfordHospital, supra, 192 Conn. 451). Since the plaintiffs commenced their action more than two years after their initial discovery, the statute of limitations has run and the plaintiffs are barred from bringing an action. Accordingly, the defendants' motion for summary judgment, is hereby GRANTED.
MELVILLE, JUDGE CT Page 8118