[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant has made a motion for summary judgment on the first two counts of the complaint. First, the defendant claims that the plaintiff's action against the defendant notary is time barred by § 52-577 of the General Statutes. Second, the defendant CT Page 15668 claims that the deed whose procurement forms the basis of this action was properly notarized. The court will address the first claim only as it is dispositive. No disputed issue of fact prevents the court from addressing this issue.
The action lies on two counts and is based on an alleged violation of § 3-94 (h) of the General Statutes. The defendant is a notary public and it is claimed that the defendant falsely notarized the signature of the plaintiff's mother on a quit-claim deed. This was allegedly done on May 3, 1991. The mother died on December 20, 1994 and the plaintiff has charged that but for the defendant's actions the property subject to the deed would have remained in the mother's estate and the plaintiff would have shared equally in the property with the person to whom the property was quit-claimed in 1991. This action was commenced on April 9, 1998.
One ground for the defendant's motion is based on her position that the claims made are barred by the statute of limitations. Tort claims are made here and the plaintiff does not contest that the three year statute of limitations, § 52-577, applies. This court has discussed this statute previously. InLevine v. Advest, Inc., 1996 WL 409323, this court said . . . "its language `precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred.' Fichera v. Mine Hill Corp. ,207 Conn. 204, 212 (1988). Thus, § 52-577 is an occurrence statute meaning that the time period within which a plaintiff must commence an action begins to run at the moment (the) act or omission complained of occurs. SMS Textile Mill, Inc. v. Brown,Jacobson, Tillinghast, Lahan King., P.C., 32 Conn. App. 786,790-91 (1993). The period of limitations does not run from the date of the injury. Prokolkin v. G.M. Corp. , 170 Conn. 289, 296
(1976)."
The "act or omission complained of" in this case was the alleged fraudulent acts of the notary surrounding the quit-claim deed, not when she actually suffered any harm. As stated in Prokolkin: "Because of the distinction created in the Connecticut limitations statutes between the injury and the tortious conduct which caused it, it is, in deed possible, on occasions, to bar an action even before the cause of action accrues. However, this court explicitly accepted that anomalous result . . .170 Conn. at p. 296. The cause of action is measured only from the occurrence and not from another date whether it is the date of CT Page 15669 the injury or the date of the discovery of the injury which can even post date the date of the injury. See also, Vikinskas v.Sears Roebuck Co., 144 Conn. 170, 174-75 (1956). That court reviewed § 52-577 as it applied to a negligence claim and said the limitations period begins to run from the date of the act or omission complained of "even though at that date no person has sustained damage and, therefore, no cause of action has come into existence."
What the plaintiff is really asking the court to do is apply the so-called "discovery rule" which is operative in some states. That rule holds that the limitations period starts to run, not from the date the tortious act occurred — here in 1991 — but from the date it was or should have been discovered. This court discussed the so-called "discovery rule" and its applicability to § 52-577 extensively in Villa Construction, Inc., et al v.Southington Savings Bank, No. CV94 0540241S (15 Conn. L Rptr. 116 (1995). Several states, including California and Texas, apply this rule which is said to be the minority rule, see 51 Am.Jur.2d. "Limitation of Actions" § 146. Two district court cases, George v. Caruson, 849 F. Sup. 159 (D. Conn., 1994) andSandstrom v. Chem Lawn Corp. , 759 F. Sup. 84 (D. Conn. 1991) appear to apply the "discovery rule" to § 52-577.
In Villa Construction, the court stated it believed the federal cases were incorrectly decided because in interpreting §52-577, they relied on two cases which really interpret § 52-584
of the General Statutes. Catz v. Rubenstein, 201 Conn. 39 (1986) and Lambert v. Stevall, 205 Conn. 1, 6 (1987). For the reasons set forth in Villa Construction, this court does not believe the "discovery rule" can modify our statute which as Prokolkin andVikinskas make clear is an "occurrence" statute. The occurrence complained of here is the alleged fraudulent acts of the defendant which happened in 1991.
Furthermore, insofar as the plaintiff argues that in cases of fraud or misrepresentation as opposed to any other tort claim, something analogous to the "discovery rule" should apply, there is no statutory basis for such a holding — Section 52-577 applies as written to all torts. Trial courts should not have the right willy-nilly to change the plain reading and import of a statute as interpreted by our highest court based on their own personal notion of what is appropriate. Levine v. Advest, supra, was a fraudulent misrepresentation case and this court held that the statute would run from the date of the actual fraud. Fichera v.CT Page 15670Mine Hill, supra,[1] involved a CUTPA claim based on misrepresentation and the court analogized the limitation period in § 42-110g(f) to § 52-577. Section 42-110g(f) says suit must be brought "three years after the occurrence of a violation of this chapter."
The plaintiff, in her complaint or her opposition to this motion, does not set forth any facts or make any claim that the defendant here fraudulently concealed from her the existence of any cause of action (§ 52-595). That being the case, there can be no valid objection to the ordinary operation of the time limits set forth in § 52-577 and the plaintiff's claim is time barred. The defendant's motion is granted.
Corradino, J.