[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Meredith Flynn filed a complaint against Craig Foster, M.D. and Danbury Orthopedic Associates alleging medical malpractice. The plaintiff moved to cite in as party defendant Danbury Hospital in order to include Danbury Hospital in the action. The operative complaint alleges that on March 12, 1998, the plaintiff was injured during an orthopedic surgical procedure done in part by each of the defendants. Danbury Hospital now moves to strike the fifth and sixth counts of the complaint on the grounds that the plaintiff's claims against it are barred by the statute of limitations set forth in § 52-584 of the General Statutes.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270 (1998). "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro,31 Conn. App. 235, 239 (1993); see also Practice Book § 10-50. An exception to this rule exists when "[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the CT Page 15639 action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer." (Citations omitted; internal quotation marks omitted.) Forbesv. Ballaro, supra, 31 Conn. App. 239. A plaintiff is not required to plead facts in anticipation of the defense of the statute of limitations. Id., 241 n. 9; Todd v. Bradley, 99 Conn. 307, 311 (1923).
The plaintiff in her memorandum in opposition to the motion to strike raises factual issues outside the complaint that question whether the claim against Danbury Hospital is barred by the statute of limitations. The plaintiff asserts that Foster, her medical doctor, led her to believe that the injuries were sustained for reasons other than the defendants' negligence. These facts go directly to the issue of when the plaintiff discovered the actionable harm. See Lambert v. Stovell, 205 Conn. 1, 6
(1987) ("actionable harm," which begins the two year statute of limitation period of § 52-584, occurs when the plaintiff discovers, or reasonably should have discovered, the essential elements of the cause of action). Although the plaintiff does not specifically object to the impropriety of the defendant's motion, she clearly does not agree that the complaint sets forth all the facts pertinent to the question of whether the action is barred by the statute of limitations. Thus, this court finds that the defendant must plead the statute of limitations claim in a special defense in its answer to the plaintiff's complaint.
The defendant's motion to strike is, accordingly, denied.
Moraghan, J.