[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is in the nature of a malpractice case brought by the plaintiff against the defendant, a surgeon, in which she alleges in the one remaining count (the negligence and contract counts having been withdrawn) that the defendant committed an assault upon her body because he surgically removed a subcutaneous mass (lipoma) other than the mass requested by her to be removed.
 Factual Background
During the course of a recent pregnancy, the plaintiff was experiencing leg pain that was continuing after the birth of her child. The plaintiff had a mass on her upper right buttock for several years previous and on the advice of her obstetrician consulted the defendant as to whether this mass was responsible for her leg pain.
At the initial examination, the plaintiff claims she was told by the defendant that the mass could be causing her leg pain and suggested that it be removed to which the plaintiff consented.
The defendant contends, however, that he advised the plaintiff that the mass which concerned the plaintiff could be the cause of her pain because its location was too far removed from the sciatic nerve which he believed was probably the cause of her pain. He suggested that another mass much closer to the sciatic nerve near the midline of the sacrum and over the sciatic nerve was likely to be compressing the sciatic nerve. He suggested this mass be removed. The plaintiff consented and, the surgery was performed. The pain disappeared shortly thereafter.
The plaintiff, however, testified that the defendant never told her about the second mass and removed it without her knowledge or consent.
 Law and Conclusion
CT Page 14506
"The theory of battery as a basis for recovery against a physician has generally been limited to situations where he fails to obtain any consent to the particular treatment or performs a different procedure from the one for which consent has been given, or where he realizes that the patient does not understand what the operation entails." Godwin v. DanburyEve Physicians Surgeons, P.C., 254 Conn. 131, 137 (2000), Lambertv. Stovell, 205 Conn. 1, 4 (1987); Logan v. Greenwich HospitalAssociation, 191 Conn. 282, 289 (1983).
In this case, consent was obtained to operate and to remove a lipoma on the right buttock. Thus the first type of battery discussed in Godwin v.Lambert and Logan does not apply to this case.
The remaining two types of battery occur when the physician performs a procedure different from that consented to (as alleged in this case, removing a different lipoma than that requested by the patient) or the physician realizes that the plaintiff did not understand what the operation entailed.
There is no credible evidence that Dr. Martino knew that the plaintiff did not understand what the operation entailed.
Remaining for the court's consideration, therefore, is the allegation that this physician performed a procedure different from that consented to by operating on a different part of her body, i.e., that the lipoma he removed was a different lipoma than the one requested to be removed by the plaintiff.
After a careful analysis of the evidence presented and evaluating the credibility of the witnesses, this court concludes, for the following reasons, that the plaintiff has failed to prove by a preponderance of the evidence that the defendant committed an assault upon her body.
Inasmuch as the credibility of the plaintiff and the defendant are crucial to the courts findings, an examination of the testimony of each is important.
The plaintiff claimed at trial that the only lipoma known to her was the one she sought to have removed. The evidence, however, was that the lipoma removed by the defendant was of a fairly large mass noted by the laboratory report (Exhibit D) to be 5.0 X 4.0 X 3.0 centimeters.
Secondly, it must be noted that the plaintiff consulted the defendant because she had continuing leg pain which she wanted relieved and not for cosmetic reasons. CT Page 14507
The evidence presented by the defendant in explanation of why the second lipoma was removed is consistent with his claim that the long-standing lipoma pointed out to him by the plaintiff had nothing to do with her leg pain.
This was so because the first lipoma was far removed from the sciatic nerve which the defendant believed was the likely cause of the plaintiffs pain while the lipoma which was later removed was proximate to the area of the sciatic nerve.
This testimony was corroborated by an expert witness called by the defendant, Dr. Larry Coletti, who testified that the sciatic nerve doesn't extend to the area of the plaintiffs claim. That area was four inches superior and four to five inches lateral of the excised lipoma which was over the sciatic nerve.
The plaintiff's leg pain was relieved shortly after the surgery. Although the court cannot find that this relief was due to the surgery, it circumstantially supports the defendant's testimony.
In summary, the court finds the evidence presented by the defendant to be more credible, logical and convincing, and therefore finds the issues for the defendant.
Judgment may enter accordingly.
___________________ Freed, J. CT Page 14508