[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE (#130) PLAINTIFF'S REQUEST TO AMEND COMPLAINT
On November 16, 1999, the plaintiff, Gloria Grogan, filed a medical malpractice action against the defendants, Julie Spivak, M.D., Gastroenterology Associates of Fairfield County and St. Vincent's Medical Center of Bridgeport, Connecticut, d/b/a St. Vincent's Medical Center.
Grogan alleges that Spivak did not exercise the degree of care or skill ordinarily exercised by physicians when performing an endoscopic gastroscopy and gastric polypectomy.
In relevant part, Grogan alleges that Spivak: a) performed the procedure without adequate sedation, b) performed the procedure in an unskillful and negligent manner, c) failed to timely recognize or diagnose perforation of Grogan's esophagus, d) failed to discontinue the procedure after esophagus leakage, e) failed to monitor Grogan's condition and f) failed to timely request assistance from hospital staff. (Count 1, ¶ 12.)
On September 16, 2002 Grogan filed a request for leave to amend her complaint, accompanied by the proposed amended complaint.
Grogan seeks to amend count one, paragraph twelve, subparagraph b of the complaint by adding an allegation that Spivak failed to accurately advise Grogan regarding the risks of the procedure and performed the procedure without Grogan's consent. In addition she seeks to condense subparagraph c and d into a new subparagraph d.
On September 30, 2002 Spivak filed an objection to Grogan's request to amend.
Practice Book § 10-59 provides that a party may, as a matter of right, amend its complaint within thirty days following the return date. Thereafter, it may do so by filing a request for leave to amend its CT Page 2860 complaint. Practice Book § 10-60. If another party objects to the request, "[i]t is within the discretion of the trial court to grant or deny an amendment . . ." Connecticut National Bank v. Voog, 233 Conn. 352,364-65, 659 A.2d 172 (1995). "While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Id., 364.
Spivak objects to Grogan's request to amend her complaint on the ground that the proposed amendment alleges new facts and a different cause of action from that contained in the original complaint. Spivak argues that Grogan's amended complaint does not relate back to her original complaint because a claim of negligent medical care and a claim of lack of informed consent are different causes of action. Spivak also argues that because Grogan's amended complaint does not relate back, the proposed amendment sets forth a new cause of action that is barred by the applicable statutes of limitation. Spivak also argues that the proposed amendment is unfairly surprising and prejudicial.
Grogan counters that because the original complaint alleged that Spivak "informed the plaintiff . . . that the remaining polyps should be removed under general anesthesia," the "proposed amendment merely elaborates on allegations in the original complaint, and therefore it relates back and should be allowed." (Grogan's Reply to Spivak's Objection to Request for Leave to Amend, p. 2.)
The statute of limitations for personal injury caused by medical malpractice is two years. General Statutes § 52-584.
Grogan's complaint alleges that Spivak's conduct that caused her injuries occurred on January 8, 1998. On September 16, 2002, more than four years after the alleged conduct, Grogan filed a request for leave to amend her complaint. Therefore, Grogan's amended complaint exceeds the statute of limitations set forth in General Statutes § 52-584. Accordingly, the proposed amendments are only permissible if they relate back to the date of the original complaint. Gurliacci v. Mayer,218 Conn. 531, 546, 590 A.2d 914 (1991).
"[A]mendments relate back to the date of the complaint unless they allege a new cause of action." Giglio v. Connecticut Light PowerCo., 180 Conn. 230, 239, 429 A.2d 486 (1980). "If a new cause of action is alleged in an amended complaint, however, it will [speak] as of the date when it was filed." Wagner v. Clark Equipment Co., 259 Conn. 114, CT Page 2861 129, 788 A.2d 83 (2002). "The fact that the same defendant is accused of negligence in each complaint and the same injury resulted . . . does not make any and all bases of liability relate back to an original claim of negligence." Sharp v. Mitchell, 209 Conn. 59, 73, 546 A.2d 846 (1988).
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . ."Alswanger v. Smego, 257 Conn. 58, 64-65, 776 A.2d 444 (2001).
In Alswanger v. Smego, supra, 257 Conn. 62-63, the plaintiffs initiated a medical malpractice claim against the defendants, alleging that the defendants negligently performed a medical procedure and failed to disclose all the material risks involved with the procedure. The plaintiffs then filed an amended complaint adding an allegation that the defendants failed to disclose that "a medical resident . . . would participate as a co-operating surgeon . . ." Id., 63. The defendants filed a motion for partial summary judgment on the basis that the amended complaint did not relate back to the original complaint, and therefore, the new claim was barred by the statute of limitations. The plaintiff argued that the amended complaint simply set forth "a more specific informed consent allegation and, therefore, the defendants were on notice" that this cause of action might be raised. Id., 67.
The trial court granted the defendants' motion for partial summary judgment and the Supreme Court affirmed the trial court's decision. The court observed "that the allegations in the plaintiffs' amended complaint alleging lack of informed consent regarding a resident's participation in the surgery arose from a different set of facts than the allegations set CT Page 2862 forth in the original complaint." Id., 61. The court reasoned that "[a]lthough the focus of the original complaint was on the informed consent as it related to the surgical procedure itself, the amended complaint shifted the focus to consent by the patient to the participation of the individuals involved in the surgery." Id., 66. Moreover, the court stated that "[t]he amended complaint, although alleging negligence related to the same surgery as the original complaint, had its basis in a different set of facts from the original complaint. That the injuries alleged and the parties involved in each complaint were identical did not eliminate the fact that the complaints were based on different facts." Id., 68.
Similarly, in the present case, the amended allegation concerning lack of informed consent arises from a different set of facts than the allegations set forth in the original complaint. In the original complaint, Grogan alleged that Spivak "informed the plaintiff . . . that the remaining polyps should be removed under general anesthesia." (Count 1, ¶ 8.) In the amended complaint, Grogan alleges that Spivak "failed to accurately advise the plaintiff regarding the risks of the procedure or medically acceptable alternatives, and performed the procedure without the plaintiff's informed consent . . ." (Count 1, ¶ 12b.) Grogan responds to Spivak's objection by arguing that she originally alleged that Spivak informed her that she "should" have the surgery, which constitutes an obligation to undergo the specific surgery, and such obligation implies that Spivak offered no alternatives to the surgery. Grogan maintains that failing to offer alternatives to surgery and failing to disclose the associated risks constitutes a breach of a duty to disclose. Accordingly, she concludes that she has already alleged the basis for a claim of lack of informed consent and that the proposed amendment merely states the claim with more specificity and, therefore, it relates back to the original complaint.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury."LePage v. Horne, 262 Conn. 116, 123, 809 A.2d 505 (2002). Whereas, "[t]he essential elements of a cause of action based upon a lack of informed consent are a breach of duty by the defendant and a causal connection between that breach and the harm to the plaintiff." Lambert v. Stovell,205 Conn. 1, 6, 529 A.2d 710 (1987).
In the present case, the original allegation that Spivak informed Grogan that she should have the surgical procedure is merely a factual allegation buttressing a claim grounded upon alleged negligence during surgery and failure to monitor Grogan's condition. Such claims arise from a different factual scenario than does the proposed amended claim CT Page 2863 alleging a pre-surgical lack of informed consent.
The allegation in the amended complaint sets forth a new cause of action that does not relate back to the original complaint.
The court hereby sustains the defendant's objection to the plaintiff's request for leave to amend the complaint on the ground that the proposed amendment is time-barred by General Statutes § 52-584.
 By the Court JOSEPH W. DOHERTY, JUDGE
CT Page 2864