[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Quik Power International Corporation, brought this action against the defendants, the City of Danbury, the Danbury Environmental Impact Commission and the Danbury mayor, Gene Eriquez. The complaint alleges seven counts sounding in deprivation of property without due process of law, deprivation of the right to free speech, denial of due process under the United States Constitution and the Connecticut Constitution, intentional misrepresentation, breach of contract, tortious interference with a contract, a takings claim, and denial of equal protection under the state and federal constitutions. CT Page 5061
In 1974, the Danbury Planning Commission approved a subdivision application for a property known as "Robinwood Terrace" in Danbury. The subdivision approval was due to expire in 1978. The record owner of the property, Dana Robin Corporation, obtained an extension of the approval until 1983. In 1986, Dana Investment Corporation (Dana), the successor to Dana Robin Corporation and the corporate predecessor of the plaintiff, became the record owner of the property. Dana subsequently appealed Danbury's tax assessment of the property in the Superior Court, alleging that the property should have been assessed as a single parcel rather than one hundred fourteen separate parcels as was approved in the subdivision. On August 17, 1988, the tax appeal was settled pursuant to a stipulation between the parties. The plaintiff alleges that the stipulation and various oral agreements between the parties provided that Dana would receive all necessary permits from Danbury, thereby approving the construction of the subdivision.
On October 17, 1988, the Environmental Impact Commission (EIC) issued a cease and desist order concerning the construction of the subdivision project. The EIC found that Dana was conducting certain construction activities at the subdivision that constituted a regulated activity without first obtaining a proper permit.[1] The last action taken by the EIC with the subdivision plan was on April 12, 1989, where the EIC issued a letter to Dana stating that the cease and desist order would continue to be in effect. The letter suggested that Dana submit an application for a regulated activity with the EIC and that a new soil evaluation and revised plans should be submitted to the EIC. Since that date, there has been no application submitted by Dana or the plaintiff to the EIC, nor have the parties appealed the action of the EIC to the Superior Court by virtue of General Statutes § 8-8, the administrative appeal statute.[2]
On September 6, 1991, Philbury, Inc. commenced a foreclosure action in federal court against Dana concerning Robinwood Terrace. The court issued a judgment of strict foreclosure which was affirmed by the United States Court of Appeals for the Second Circuit. On April 22, 1995, title to Robinwood Terrace became vested in Philbury, Inc.
On August 30, 1995, Dana filed suit in federal court against the City of Danbury asserting claims of negligent misrepresentation and denial of due process. The court granted Danbury's motion to dismiss, and judgment was entered for Danbury on January 13, 1994. Apparently, no appeal was taken. The plaintiff subsequently filed this action against the defendants on October 2, 1998.
The defendants now move for summary judgment on the grounds that: (1) the action is barred by the applicable statute of limitations for each of CT Page 5062 the plaintiff's claims; (2) the action is barred by the doctrine of res judicata; (3) the plaintiff's claims under the Connecticut Constitution are not legally cognizable causes of action; (4) the plaintiff has failed to exhaust its administrative remedies; and (5) the defendants are entitled to governmental immunity.
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Brackets omitted; citations "omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). A party opposing motion for summary judgment is "entitled, indeed obligated, to file an affidavit reciting evidentiary matter to establish the existence of a genuine issue as to a material fact." Conference Center Ltd. v. TRC, 189 Conn. 212, 217,455 A.2d 857 (1983). If the adverse party does not submit facts showing that there is an issue of fact, the court is entitled to rely upon the facts stated in the affidavits submitted by the moving party. Kakadelisv. DeFabritis, 191 Conn. 276, 280-81, 464 A.2d 57 (1983); Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983).
The defendants argue that the plaintiff's claims are barred by the statutes of limitations set forth in General Statutes §§ 52-577,[3]52-576,[4] and 52-581.[5] Section 52-577 "is applicable to all tort actions other than those excepted therefrom by § 52-584 or other sections." Lambert v. Stovell, 205 Conn. 1, 4, 529 A.2d 710 (1987). The three year limitation in § 52-577 is also the operative statute of limitation for 42 U.S.C. § 1983 claims.[6] See Orticelli v.Powers, 197 Conn. 9, 16, 495 A.2d 1023 (1985). The court, therefore, finds that § 52-577 is the applicable statute of limitation for the plaintiff's claims of deprivation of property without due process of law, deprivation of the right to free speech, denial of due process under the United States Constitution and Connecticut Constitution, tortious interference with a contract, the takings claim, and state and federal constitutional denial of equal protection. The court finds that the applicable statute of limitation for the plaintiff's breach of contract claim is the six year period of § 52-576. The court further finds that the three year limitation set forth in § 52-581 is the applicable period for the plaintiff's intentional misrepresentation CT Page 5063 claim.
Regardless of whether a three or six year statute of limitations is used in the present case, the plaintiff's claims are time barred. The last action of the EIC was the letter issued on April 12, 1989, notifying Dana that the cease and desist order, issued on October 17, 1988, was still in full effect. The plaintiff did not appeal the order to any Danbury agency or to the court. Therefore, the three year limitations period expired on April 12, 1992, and the six year period expired on April 12, 1995. The plaintiff did not file the present suit until October, 1998.
The plaintiff, in its memorandum in opposition, simply asserts that the defendants continued the discriminatory conduct after the cease and desist order was issued in 1988 and, thus, the statute of limitations period has not begun to run. The plaintiff alleges in its complaint that on diverse dates since 1988, Dana has been told by various officials of Danbury that the property would be taken from it and the plaintiff would not have reasonable use and enjoyment of the property out of punishment for its political views and for the tax assessment appeal it instituted against Danbury. The plaintiff's assertions set forth in its memorandum are taken directly from its revised complaint. The plaintiff has not submitted a scintilla of evidence that provides any factual basis for its allegations that a discriminatory act occurred within the statute of limitations.[7] The defendants, on the other hand, have shown that there are no issues of material fact as to the date of the defendants' last action concerning the property.[8]
The continuing course of conduct doctrine also does not apply in this case. The doctrine may toll the statute of limitations where there is "evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where . . . a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Sherwood v. Danbury Hospital, 252 Conn. 193,203, 746 A.2d 730 (2000). As the defendants correctly argue, a municipality has no duty to independently revisit past orders. To hold so would require a municipal agency to periodically review any decision ever made by the agency. There is a statutory and municipal regulatory scheme which allowed either for the appeal of the EIC's cease and desist order, or for the making of a new application. The plaintiff did not choose either course of action. CT Page 5064
Therefore, the court concludes that the plaintiff did not commence suit within the ambit of the applicable statutes of limitations.[9]
Accordingly, the defendants' motion for summary judgment as to all counts is granted.
Adams, J.