[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Jayantkumar C. Patel, a psychiatrist, and Lynn Weixel, a psychologist, move for summary judgment as to the plaintiff's Revised Complaint dated March 30, 2000. The defendants claim that the plaintiff's action is barred by the statute of limitations and that the defendants, never having treated the plaintiff or the plaintiff's decedent, owed no duty of care to the plaintiffs.
Summary judgment shall be rendered if the pleadings and documents submitted with respect to the motion and opposition thereto disclose no genuine dispute as to material facts and that the movant is entitled to judgment as a matter of law. Practice Book § 17-49.
A review of the pleadings and documents submitted indicates that there exists no genuine dispute that on August 22, 1997, the plaintiff's decedent was killed when the automobile of Marie Paggioli crossed the centerline, colliding head-on with the motor vehicle of the plaintiff's decedent. Prior to the accident, Mrs. Paggioli had a history of psychiatric illness for which she was treating with the defendants. The plaintiff h4Z alleged that Mrs. Paggioli fell asleep while driving because of the medications she was prescribed for her psychiatric problems. It is undisputed that neither of the defendants ever treated either the plaintiff or the plaintiff's decedent.
 I.
The defendants first argue that they are entitled to judgment as a matter of law because the plaintiff's claim is barred by the statute of limitations. Connecticut General Statutes § 52-584 provides in pertinent part that:
No action to recover damages for injury to the person . . . caused by negligence, or reckless or wanton misconduct or by malpractice . . . shall be brought but within two years from the date when the injury is CT Page 8417 first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained. . . .
The automobile accident occurred on August 22, 1997. The defendants were served on or about November 18, 1999. The plaintiff claims that he survives the statute of limitations in two ways: in that he obtained an extension of time within which to file suit pursuant to C.G.S. §52-190a (b) and that this action was commenced within two years of the discovery of actionable harm.
 A.
Section 52-190a (b) allows a ninety day extension within which to file suit in order to complete the good faith inquiry required by § 52-190a
(a). It is the defendants' contention that the plaintiff may not avail himself of that statute because this is not a medical malpractice action as neither of the defendants ever treated the plaintiff or the plaintiff's decedent. The court agrees.
Section 52-190a (a) provides in pertinent part:
 No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a healthcare provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care and treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. (emphasis added)
Clearly, the "claimant" in this case, the plaintiff, makes no claim that the defendants provided negligent care to him as required by this statute. Malpractice is "defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the CT Page 8418 average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services." (emphasis added) Santopietro v. New Haven, 239 Conn. 207, 226 (1996). A medical malpractice claim "arises out of the medical professional-patient relationship." Trimel v. Lawrence Memorial Hospital RehabilitationCenter, 61 Conn. App. 353, 358 (2001). The threshhold question in every medical malpractice case is whether a medical professional-patient relationship existed between the plaintiff and the professional.Starkweather v. Patel, 34 Conn. App. 395, 400 (1994). "A claim for medical malpractice does not exist in the absence of a physician/patient relationship." Williams v. National Railroad Passenger Corporation,16 F. Sup.2d 178, 181 (D. Conn. 1998). In this case, the defendants never treated the plaintiff's decedent. Accordingly, § 52-190a (b) does not apply to this case.
 B.
The plaintiff argues that even if § 52-190a (b) does not apply, the suit was commenced within the applicable statute of limitations since he did not discover the existence of actionable harm until he learned that Mrs. Paggioli was being treated by the defendants. Section 52-584
requires that the injured party bring suit within two years of discovering the injury. In negligence actions, "injury" means actionable harm for statute of limitations purposes. Durrett v. Leading EdgeProducts, Inc., 965 F. Sup. 280, 284-285 (D. Conn. 1997). Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, the essential elements of a cause of action. Lambert v. Stovell, 205 Conn. 1, 6 (1987). "A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence. They are, therefore, necessary ingredients for `actionable harm.'" Catz v. Rubenstein, 201 Conn. 39 (1986).
In this case, the plaintiff claims that he did not know that Mrs. Paggioli was treating with the defendants until her deposition and therefore could not even contemplate the possibility of their culpability until that time. The plaintiff does not claim that the statute of limitations is tolled because he did not know the identity of the defendants. The plaintiff testified in his deposition that he hired a lawyer for the underlying motor vehicle action the day after the accident, in August 1997. The lawsuit was commenced in June 1998. He filed an affidavit in support of his opposition to summary judgment stating that he did not learn that Mrs. Paggioli was being treated by the defendants until June of 1999. Whether the plaintiff should have, through the exercise of reasonable diligence, discovered the defendants' allegedly negligent conduct sooner is a question for the trier of fact CT Page 8419 which is inappropriate for summary determination. Therefore, summary judgment cannot be granted on the basis of a violation of the statute of limitations because of this factual dispute.
 II.
The defendants also argue that they are entitled to judgment as a matter of law because they owed no duty of care to the plaintiff or the plaintiff's decedent in the absence of a doctor-patient relationship and because the plaintiff's decedent was outside the class of identifiable victims.[1] The plaintiff argues that the defendants were negligent in that they failed to advise Mrs. Paggioli that she was unable to safely operate a motor vehicle, that they failed to inform the Health Department or the Commissioner of Motor Vehicles that Mrs. Paggioli was incapable of operating a motor vehicle, that they failed to advise Mrs. Paggioli of the effects her medications had on her ability to drive, and that they failed to modify her medications to avoid the adverse impact they were having on her ability to drive. While all of these allegations seem to invoke the obvious duty of the defendants to their patient, Mrs. Paggioli. the only one that arguably gives rise to a duty to the plaintiff's decedent is the failure to notify the commissioner of motor vehicles.
"The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660 (1997). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Mendillo v.Board of Education, 246 Conn. 456, 483 (1998).
Connecticut courts have held that "absent a special relationship of custody or control, there is no duty to protect a third person from the conduct of another. Fraser v. United States, 236 Conn. 625, 632 (1996). In Fraser, the plaintiff's decedent had been attacked and killed by a friend and former employee who was a psychiatric outpatient at the West Haven Veterans Administration Medical Center. The plaintiff claimed that the medical center was negligent in not warning others of the patient's violent propensities. The court declared that a psychotherapist has no duty to control a psychiatric outpatient to prevent the patient from harming a third person unless he knows or has reason to know that that particular person will be harmed. Id. at 626. To establish that a psychotherapist knew or had reason to know that his patient would harm a particular person, the person must prove that he was either a specifically identifiable victim of the patient, or at least a member of a class of the identifiable victims or within the zone of risk to an identifiable victim of the patient. Id. CT Page 8420
"Considerations of public policy . . . undergird the judicial determination of the scope of duty in the law of negligence . . ."Fraser, supra, at 634. The court has declared that "our common law cases have shielded professional decision making from complaints of third parties when third party intervention carried with it a substantial risk of interference with the primary purpose of the professional consultation." Jacoby v. Brinckerhoff, 250 Conn. 86, 97 (1999). InJacoby, the court found that a psychiatrist's treatment of a troubled spouse should occur unburdened by accountability to the other spouse. InZamstein v. Marvasti, 240 Conn. 549 (1997), the court found that mental health professionals have no duty to third persons when performing sexual assault evaluations of children. Relying on Fraser, the court found "that balancing the interests of those injured by psychiatric patients against the interests of the mental health profession in honoring confidentiality of the therapeutic relationship, and in respecting the humanitarian and due process concerns that limit involuntary hospitalization, counsels against the imposition of liability for harm to unidentifiable victims or unidentifiable classes of victims of outpatients." Id. at 562.
In viewing the facts in the light most favorable to the plaintiff, it is reasonable to conclude that the defendants knew or should have known that Mrs. Paggioli was at risk for falling asleep while driving. The plaintiff argues that Mrs. Weigold, as an operator on a public roadway, was within an identifiable class of victims and that the defendants had a duty to warn the plaintiff's decedent of the danger that Mrs. Paggioli presented. The plaintiff's argument, however, makes no provision for pedestrians, bicyclists, property owners, drivers in other states, or any other seemingly endless category of individuals that could be harmed by an errant automobile. To adopt the reasoning of the plaintiff would be analogous to saying that the defendants had a duty to warn the general public of the danger presented by their client, a result contrary to the requirement of identifiable victims. The class of all others who might encounter Mrs. Paggioli when she drove a motor vehicle is too broad to be classified as "identifiable." see Shore v. Stonington, 187 Conn. 147, 152
(1982); and Evon v. Andrews, 211 Conn. 501, 508 (1989). Accordingly, the motions for summary judgment are granted on this basis.
 ___________________, J. Sferrazza