[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#124) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant Lincoln National Life Insurance Company (Lincoln) has moved for summary judgment on all seven counts of the plaintiff's Amended Complaint dated October 29, 2001.
The plaintiff filed an objection to that motion and the parties filed memoranda of law and appeared for argument. The court reserved decision.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999); Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000).
"The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed."Morascini v. Commissioner of Public Safety, 236 Conn. 781, 809,236 A.2d 1340 (1996).
There are several grounds upon which Lincoln bases its motion for CT Page 2905-aa summary judgment. One of them is the issue of whether or not Thompson was actually an agent of Lincoln, legally capable of binding Lincoln by his acts and omissions. That issue is relevant to several of the counts in the Amended Complaint.
 AGENCY
In each and every one of the seven counts, the plaintiff alleges that, "at all times herein after mentioned, Peter Thompson was an authorized agent of the defendant [Lincoln]," and it is further alleged that, "said policy was obtained through the defendant Peter Thompson, an agent servant and/or employee of the defendant [Lincoln]."
"The three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance of the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Levine v. Advest, Inc., 244 Conn. 732, 759
n. 16 (1998).
The evidence submitted by the plaintiff shows, among other things, that Thompson stated that he was an insurance agent for Lincoln. He also entered into a "Special Agent's Contract" with Lincoln which expressly provided, inter alia, that Lincoln would govern him in the performance of his duties; that he would comply with all of Lincoln's rules and regulations; that he was prohibited from submitting applications for insurance to any other companies; that he was "appointed" by Lincoln to solicit insurance applications in a "territory" of Connecticut on behalf of Lincoln; and that he agreed to promote the interests of the company (Lincoln).
This evidence is sufficient to present a question of fact as to whether Thompson was an agent of Lincoln.
To the extent that Count Four and Count Six impute the alleged negligence and negligent representations of Thompson to his principal, Lincoln, it is noted that an insurance company may be liable for an agent's negligent acts during the course of procurement and issuance of the insurance contract. Gorlo v. Maryland Casualty Company, CV89-2564765, J.D. of Fairfield at Bridgeport, 5 Conn.L.Rptr. 36 (Sept. 20, 1991, Katz, J.).
The allegation of breach of contract in Count One is that Thompson, acting as agent on behalf of his principal, Lincoln, contracted with the plaintiff to provide the plaintiff with a policy containing very specific CT Page 2905-ab benefits and that the plaintiff received a policy that did not contain such benefits. A question of fact exists as to whether or not such a contract existed between the parties.
 STATUTE OF LIMITATIONS
In regard to Counts Two, Four, Six and Seven, the plaintiff alleges claims against Lincoln, which the defendant-insurer maintains are barred by the statute of limitations. As to Count Four (Negligence) and Count Six (Negligent Misrepresentation), the court (Thim, J.) in a memorandum of decision dated June 11, 2002, held that the allegations of negligence and negligent misrepresentation as to Thompson were not barred by the statute of limitations. That holding was based in part on evidence that every three years Thompson would contact the plaintiff and discuss the insurance coverage. As Thompson's principal, those acts and omissions are imputed to Lincoln as well.
The court also agrees with the plaintiff's argument that the plaintiff first became aware of the injury complained of — the termination of the disability benefits which he had been receiving for several years — when the payments stopped coming in November 1996. He commenced suit within the time permitted by statute.
"`Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action." Lambert v. Stovell, 205 Conn. 1, 6,529 A.2d 710 (1987). The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257
(1984).
The plaintiff's claims as to those counts are not barred by the statute of limitations.
STATUTE OF FRAUDS (Section 52-550, C.G.S.)
The defendant claims that the contract which may have existed between the plaintiff and Lincoln should be deemed barred by the statute of frauds. At issue is the proscription that no civil action may be maintained, unless in writing and signed by the party to be charged, if the contract is one which, by agreement, is not to be performed within one year of its making is not applicable in the instant case. Our Supreme Court has held that the proper test is whether or not a contract's "terms are drawn so that it cannot by any possibility be performed fully within one year." C.R. Klewin, Inc. v. Flagship Properties, 220 Conn. 569, 580
CT Page 2905-ac (1991). This court agrees with the plaintiff's contention that there is nothing in the terms of the subject policy which prohibits the contract from being performed in one year. For example, a person with such a policy could qualify for disability benefits and die within the year. Death within the year puts an end to the contract and it is not deemed to be within the statutes of frauds. Strang v. Witkowski, 138 Conn. 94,98-100 (1951).
The court also agrees with the plaintiff's contention that he undertook performance pursuant to the policy, including payment of monthly premiums in expectation of being insured which, arguably, could take the contract out of the statute of frauds. Whether his performance is sufficient to take the contract out of the statute of frauds is a question of fact.Milazzo v. Schwartz, 44 Conn. App. 402, 407 (1997).
 ESTOPPEL
In his memorandum of decision of June 11, 2002, Judge Thim found that a question of fact exists as to whether the plaintiff is barred from asserting his claim in Count Five against the defendant Thompson. As noted herein, the issue of whether Thompson was in fact an agent of Lincoln is a question of fact and is not defeated by a motion for summary judgment. "One who knowingly permits another to act for him (sic) as though authorized, inducing third persons to rely to their disadvantage on the seeming authority, is estopped from later asserting the lack of authority of his apparent agent." Hobdey v. Wilkinson, 94 A.2d 625, 629
(1953).
As far as the plaintiff waiving his rights by accepting and keeping a policy which did not conform to his contractual expectations, the plaintiff has alleged that the agent acting on behalf of his principal made specific representations which misled him into believing that the provisions of the policy were consistent with his expectations. Whether something was said or done by the defendants to mislead the plaintiff is a question of fact that cannot be decided on a motion for summary judgment. In Ursini v. Goldman, 118 Conn. 554, 564 (1934), it was held that it was a proper question of fact for a jury whether or not a plaintiff "relied on another to procure such protection [insurance], and that he was so misled or put off his guard by statements or conduct of the defendant as to relieve him of the ordinary consequences of failure to read his policy."
"BAD FAITH" V. "WANTON AND MALICIOUS INJURY"
In Count Three of the Amended Complaint the plaintiff alleges that the CT Page 2905-ad defendants breached an implied covenant of good faith and fair dealings with the plaintiff by denying the plaintiff's claim for continued monthly benefits "in bad faith." Nowhere in that count is the defendants' conduct alleged to be so nefarious as to constitute such a breach of covenant. Such a breach "must be alleged in terms of wanton and malicious injury, evil motive and violence for punitive damages may be awarded only for outrageous conduct, that is, for acts done with bad motive or reckless indifference to others . . . In order to make such a claim the plaintiffmust allege that the defendant did more than simply deny the plaintiff's claim for benefits." L.F. Pace Sons, Inc. v. Travelers IndemnityCo., 9 Conn. App. 30, 48 (1986). (Emphasis added.) No such allegation having been made, the motion for summary judgment is granted as to Count Three.
CUTPA and CUIPA
Unlike the claim in Count Three (breach of implied covenant) which alleges nothing more than "bad faith," Count Seven does allege that the defendants committed CUTPA violations when they engaged false representations to the plaintiff in violation of Section 38a-816 (1) and that they engaged in unfair claims settlement practices in violation of Section 38a-816 (6). Whether the defendants actually did any of those things is not evident at the time of these pleadings, however, "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
For the foregoing reasons, the court hereby denies the motion of the defendant The Lincoln Insurance Company for summary judgment as to Counts One, Two, Four, Five, Six and Seven of the plaintiff's Amended Complaint and grants the motion for summary judgment as to Count Three of said Amended Complaint.
 By Court, Joseph W. Doherty, Judge
CT Page 2905-ae